UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE P.,<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security,[1]<br><br>  Defendant. | Case No.: 23-cv-01344-AJB-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**(Doc. No. 16)** |

Presently before the Court is the parties' joint motion for: (1) attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); and (2) costs pursuant to 28 U.S.C. § 1920. (Doc. No. 16.) The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth, the Court **GRANTS** the joint motion.

I.  **BACKGROUND**

On July 24, 2023, Plaintiff filed a complaint, seeking judicial review of the Commissioner's decision to deny her claim for benefits. (Doc. No. 1.) After the Commissioner filed the administrative record, the Court issued a Scheduling Order setting

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted following his appointment in December 2023.

1

a briefing schedule for Plaintiff's merits brief. (Doc. Nos. 6–9.) After Plaintiff filed her merits brief, (Doc. No. 11), the parties jointly moved for voluntary remand to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), (Doc. No. 12), which was granted by the Court, (Doc. No. 13). The parties now move for an award of $6,000.00 in fees pursuant to 42 U.S.C. § 406(b) and $402.00 in costs pursuant to 28 U.S.C. § 1920. (Doc. No. 16.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.* at 1.)

## II.  THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–12 (9th Cir. 2007).

Here, the parties filed an attorney fees motion on February 29, 2024, 83 days after final judgment was filed on December 8, 2023. The motion was filed 23 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the motion for attorney fees is timely.

## III.  DISCUSSION

A litigant is entitled to attorney's fees and costs under the EAJA if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

### A. Prevailing Party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, as discussed above, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Akopyan*, 296 F.3d at 854 ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence four, Plaintiff is a prevailing party"); (*see* Doc. Nos. 12, 13 (remanding the case pursuant to sentence four of 42 U.S.C. § 405(g))).

### B. Substantial Justification

Next, the Commissioner makes no argument that his position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings, and the instant fee request comes to the Court by way of a joint motion. *See Ulugalu*, 2018 WL 2012330, at *3 (finding the Commissioner did not demonstrate substantial justification for her position where she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability).

### C. Reasonableness of Hours

Next, the parties seek a fee award for 26 hours billed by Plaintiff's counsel. (Doc. No. 16-2.) The counsel's hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted

3

that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18–40 hours); *Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand). Notably, this case was resolved in Plaintiff's favor. *See Costa*, 690 F.3d at 1136 ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

Additionally, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time [s]he was required to spend on the case.'" *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Therefore, the Court will not question counsel's judgment that the hours expended by Plaintiff's counsel were necessary to achieve a favorable result in this case.

### D. Reasonableness of Hourly Rate

The EAJA provides the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's hourly EAJA rates for work performed in 2023, factoring in increases in the cost of living, was $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Feb. 29, 2024); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g., Black v. Berryhill*, No.:

4

18cv1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Here, although the total amount of attorney fees would ordinarily total $6,360.12 given Plaintiff's counsel's typical billing rates, and applying the 2023 EAJA rate of $244.62 to the 26 hours of work done in 2023, the parties request a total discounted amount of $6,000.00. (*See* Doc. No. 15.) As such, the Court finds that the hourly rate billed by counsel is reasonable.

### E.  Costs

Filing fees are recoverable costs under the EAJA. 28 U.S.C. §§ 1920, 2412(d); *see Darren Jeffrey C. v. Kijakazi*, No.: 3:21-cv-01012-AHG, 2022 WL 17826795, at *4 (S.D. Cal. Dec. 20, 2022) (awarding $402 in filing costs after the Court remanded in Plaintiff's favor). Here, Plaintiff seeks reimbursement of the $402.00 filing fee expended to initiate this action. Although Plaintiff does not attach any receipt in support of the costs requested, Plaintiff offers the filing fee receipt number, and the Court takes judicial notice that the docket in this action reflects the payment of the filing fee. (Doc. No. 1 ($402.00 filing fee, receipt number ACASDC-18039660); Doc. No. 16-2 (listing under costs: "Filing Fee receipt number ACASDC-18039660".) Accordingly, the Court grants the reimbursement costs in the amount of $402.00.

### F.  Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Martha Yancey, pursuant to the assignment executed by Plaintiff." (Doc. No. 16 at 2; *see also* Doc. No. 16-1 (agreement signed by Plaintiff stating "I hereby assign any entitlement that I may have to a fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), to my attorney, Martha Yancey.").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless,

"district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 WL 2850778, 2010 U.S. Dist. LEXIS 72887 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned her right to EAJA fees to her attorney. (Doc. No. 16-1.) Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to her counsel Martha Yancey, pursuant to the assignment agreement.

## IV.   CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 16) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $6,000.00, and costs in the amount of $402.00 pursuant to 28 U.S.C. § 1920; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff

does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. (*See* Doc. No. 16-1); *see, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

**IT IS SO ORDERED.**

Dated: March 17, 2024

Hon. Anthony J. Battaglia
United States District Judge